IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSHUA M. SCOTT,                                          Civ. No. 1:22-cv-00174-AA

            Plaintiff,                                     **OPINION & ORDER**
      v.

PACIFICORP,

            Defendant.
_____

AIKEN, District Judge.

This case comes before the Court on Defendant Pacificorp's Motion to Strike, ECF No. 5. The Court concludes that this motion is appropriate for resolution without oral argument. Local Rule 7-1(d)(1). The motion is GRANTED.

## DISCUSSION

Defendant moves to strike Exhibit 6 to Plaintiff's First Amended Complaint ("FAC") and the final sentence of Paragraph 8 of the FAC on the basis that the challenged Exhibit is a settlement communication under Federal Rule of Evidence 408 and that the challenged sentence is a quotation drawn from the same.

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy." *City of Tillamook v. Kennedy Jenks Consultants, Inc.*.

3:18-cv-02054-BR, 2019 WL 1639930, at *2 (D. Or. April 16, 2019). "The function of

Rule 12(f) is not served when the motion would require the court to resolve disputed

and substantial factual or legal issues." *Id.* (internal quotation marks and citation

omitted, alterations normalized). Motions to strike are disfavored and infrequently

granted. *Liberty Nat. Prods., Inc. v. Hoffman*, 3:13-cv-00886-BR, 2017 WL 4855404,

at *4 (D. Or. Oct. 26, 2017). "This is because they are often used as delaying tactics,

and because of the limited importance of pleadings in federal practice." *Baroness*

*Small Estates, Inc. v. B.J.'s Restaurants, Inc.*, Case No. SACV 11-468-JST (Ex), 2011

WL 13228020, at *2 (C.D. Cal. Sept. 15, 2011) (internal quotation marks and citation

omitted). "When considering a motion to strike, the court must view the pleasings in

the light most favorable to the nonmoving party." *Liberty Nat. Prods.*, 2017 WL

4855404, at *5.

As noted, Defendant asserts that the challenged Exhibit and sentence from the

FAC are inadmissible settlement communications pursuant to Federal Rule of

Evidence ("FRE") 408. Plaintiff asserts that FRE 408 does not apply to pleadings and

so the motion to strike should be denied.

This is a matter of divided opinion among district courts in the Ninth Circuit.

*See Jones v. Metro Life Ins. Co.*, No. C-08-039710JW (DMR), 2010 WL 4055928, at

*14 (N.D. Cal. Oct. 15, 2010) ("[U]nder Federal Rule of Civil Procedure 12(f), courts

have granted motions to strike references to settlement negotiations even at the

pleadings stage of a case, on the basis that the contents of settlement discussions

would otherwise be inadmissible under Federal Rule of Evidence 407 and are

therefore immaterial and potentially prejudicial."); *but see Baroness Small Estates*, 2011 WL 13228020, at *2 (denying the plaintiff's Rule 12(f) motion to strike portions of the defendant's counterclaims and noting the plaintiff "objects to [the defendant's] allegations on the ground that evidence of settlement discussions is inadmissible under Federal Rule Evidence 408.  Such an objection is properly raised either as an objection to the consideration of evidence on a motion for summary judgment, or as a motion in limine before trial, when the court may fully consider the specific evidence, the purpose for which the evidence is proffered, and the mitigating effect of a limiting instruction.").  Courts in this District have generally held on the side of allowing consideration of motions to strike for communications that fall within the scope of FRE 408.  *See Reddy v. Morrisey*, Case No. 3:18-cv-00938-YY, 2018 WL 4407248, at *1-2 (D. Or. Sept. 17, 2018); *City of Tillamook*, 2019 WL 1639930, at *2; *Spiva v. Walmart*, Case No.: 6:18-cv-1024-MK, 2019 WL 1063386, at *8 (D. Or. Jan. 18, 2019). The Court concurs with this line of reasoning and will therefore consider whether the challenged material falls within FRE 408.

FRE 408 provides, in relevant part:

(a) Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—either to provide or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction:
(1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
(2) conduct or a statement made during compromise negotiations about the claim . . .
* * *
(b) Exceptions.  The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of

undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

Under FRE 408 "[s]ettlement negotiations include an offer or promise to provide or accept 'valuable consideration' to settle a claim, as well as 'conduct or statements made in compromise negotiations regarding the claims'" *Mastec N. Am., Inc. v. Coos Cnty.*, Civ. No. 04-278-AA, 2007 WL 2027011, at *8 (D. Or. July 6, 2007) (quoting FRE 408, alterations normalized).   "A litigant asserting the applicability of Rule 408 must made a 'substantial showing that the communications were part of the attempts to settle the dispute." *Rondor Music Int'l, Inc. v. TVT Records LLC,* No. CV 05-2909-JTL, 2006 WL 5105272, at *11 (C.D. Cal. Aug. 21, 2006) (internal quotation marks and citation omitted).

> In this case, Paragraph 8 of the FAC alleges:
>
> Pacific Power leases space on the fiber optic line that it does not use to telecommunications company Verizon.  Leasing unused space on fiber optic lines to third parties is outside the scope of PacifiCorp's rights-of-way on the 2620 Property and 2602 Property.  A copy of a Pacific Power letter dated May 19, 2020 stating that "Verizon leases use of some of the fibers in the line that are unused by Pacific Power" is attached hereto as Exhibit 6 and incorporated herein by reference.

FAC ¶ 8.  ECF No. 1-1.

The May 19, 2020 letter itself is attached as Exhibit 6 to the FAC and was sent by counsel for Defendant to counsel for Plaintiff.  The letter is marked "ER 408 Communication (ORS 40.190)."  FAC Ex. 6, at 1.  The first several paragraphs of the letter are devoted to recounting a history of the disputes between Plaintiff's family and Verizon before suggesting that the dispute between Plaintiff and Defendant

might be resolved by the recording of a supplemental easement "explicitly acknowledging the presence of Pacific Power's fiber optic line and any related lease of fibers unused by Pacific Power to Verizon or other third-party, containing some reasonable constraints that may give your clients some greater comfort in the future." FAC Ex. 6, at 2. In exchange, Defendant was prepared to "modestly compensate your clients for the trouble of accommodating such a supplement." *Id.*

The Court concludes that, on its face, the May 19, 2020 letter is a settlement communication in that it offers consideration in exchange for a modified easement and the settlement of the dispute. As such, the Court concludes that the letter falls within the scope of FRE 408. With respect to the final sentence of Paragraph 8, Defendant does not object to Plaintiff making the allegation that the Verizon leases the use of unused fibers in the line, provided that the allegation is not made with reference to the May 19, 2020 letter. Def. Reply at 6. ECF No. 7. The Court concludes that this is a reasonable resolution. The Court therefore grants the motion to strike. Plaintiff has indicated that he intends to file an amended complaint and so the motion to strike is granted with leave for Plaintiff to file an amended pleading within thirty (30) days of the date of this Order.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike, ECF No. 5, is GRANTED and the Court strikes Exhibit 6 to the First Amended Complaint and strikes the final sentence of Paragraph 8 of the First Amended Complaint to the

extent that it references Exhibit 6.  Plaintiff shall have thirty (30) days from the date

of this Order in which to file an amended complaint.

It is so ORDERED and DATED this ____6th_____ day of July 2022.


/s/Ann Aiken
ANN AIKEN
United States District Judge