IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOSHUA M. SCOTT,<br>Trustee of the Winona Road Trust<br>U/T/D July 24, 2020, | Civ. No. 1:22-cv-00174-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| PACIFICORP, | |
| Defendant. | |

AIKEN, District Judge.

Plaintiff in this case is the Trustee of the Winona Road Trust. Counsel for Plaintiff in this case withdrew as attorney for Plaintiff on January 6, 2023. Plaintiff has continued to maintain this action *pro se* since that date and has filed numerous motions. Defendants have brought it to the Court's attention that Plaintiff is not an attorney and so may not maintain this action on behalf of the Winona Road Trust in a *pro se* capacity.

"Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and he "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This extends to the trustees of trust, like Plaintiff: "A trustee may not represent a trust *pro se* in federal court." *Sundby v. Marquee Funding Group,*

Page 1 –OPINION & ORDER

*Inc.*, No. 21-55504, No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). "[T]he rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts." *Id.* (citing *C.E. Pope*, 818 F.2d at 698).

Although Federal Rule of Civil Procedure 17(a) permits a trustee of an express trust to sue in their own name without joining the person for whose benefit the action is brought, "the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*." *C.E. Pope*, 818 F.2d at 698.

In response to Defendant's Motion, Plaintiff has submitted a copy of the trust documents and his own Declaration. ECF No. 49. The trust is a revokable trust with Richard Foos and Martha Foos as trustors and Plaintiff as trustee. ECF No. 49, at 20. Upon the death of the trustors, the assets of the trust are to be distributed to Plaintiff. *Id.* at 21. However, Plaintiff affirms that the trustors are living, Scott Decl. ¶ 9, and the trust is revokable at will by the trustors. ECF No. 49, at 20.

The purpose of the prohibition on *pro se* representation of trusts by the trustee who is not the sole beneficiary is two-fold. First, it ensures that a degree of "[p]rofessional competence and professional responsibility," which are the "sine qua non of federal litigation and effective judicial response." *C.E. Pope*, 818 F.2d, at 698. Second, it ensures that a *pro se* party hazards no rights but his own. Here, the Court is not satisfied that either purpose is served by Plaintiff's representation of the trust in this litigation. By his own admission, Plaintiff is unfamiliar with the rules and requirements of federal litigation and is learning as he goes. More importantly, however, is the fact that Richard and Martha Foos, as trustors, retain rights in the

trust beyond those possessed by Plaintiff. The Court concludes that the trust must, therefore, be represented by counsel in this case.

Plaintiff shall have thirty (30) days from the date of this Order in which to secure counsel to represent him as trustee of the Winona Road Trust. All pending motions filed by Plaintiff, ECF Nos. 18, 31, 33, 35, 37, 39, 56, and 58, are DENIED with leave to refile, if necessary, after Plaintiff has secured counsel.

The parties are directed to appear at a telephonic status conference at 1:00 p.m. on September 6, 2023. The Court's teleconference line may be reached at (571)-353-2301, access code 902352749#, and the PIN is 2022#. The Court stays consideration of Defendant's Motion for Summary Judgment, ECF No. 22, through the date of the telephonic status conference.

It is so ORDERED and DATED this ___28th___ day of July 2023.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge